# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN ARCHULETA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. EDCV 12-1197-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On August 4, 2012, Colleen Archuleta ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits. The Commissioner filed an Answer on November 8, 2012. On March 18, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 29 year old female who applied for Social Security Disability Insurance benefits on January 26, 2009. (AR 9.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 17, 2008, the alleged onset date of her disability. (AR 11.)

Plaintiff's claim was denied initially on April 6, 2009, and on reconsideration on July 2, 2009. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") William K. Mueller on August 26, 2010, in San Bernardino, California. (AR 9.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 9.) Vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 9.)

The ALJ issued an unfavorable decision on November 5, 2010. (AR 9-17.) The Appeals Council denied review on June 8, 2012. (AR 1-4.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's February 2009 statement and November 2010 testimony.[1]
2. Whether the ALJ properly considered the November 2010 lay testimony of Plaintiff's father.
3. Whether the ALJ properly considered the March 2009 opinions of psychiatric consultative examiner Romualdo Rodriguez, M.D.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846

---

[1] The Commissioner notes that Plaintiff repeatedly refers to "November 2010 testimony". The hearing in which the referenced testimony took place was held on August 26, 2010. (AR 21-61.)

(9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir.

3

1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 17, 2008, the alleged onset date. (AR 11.)

At step two, the ALJ determined that Plaintiff has the the severe impairment of affective disorder. (AR 11.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 11-13.)

The ALJ then found that Plaintiff has the RFC to perform light work, as defined in 20 CFR § 404.1567(b) with the following limitation: Claimant is able to perform simple, repetitive, routine tasks. (AR 13-15.) In determining this RFC, the ALJ made an adverse credibility determination. (AR 14.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as an in-home care provider and a waitress. (AR 15-16.) However, the ALJ found that there are jobs that exist in significant numbers in the national economy that Claimant can perform, including garment sorter, cleaner and mail clerk. (AR 16-17.)

Consequently, the ALJ found Claimant not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 17.)

**DISCUSSION**

The ALJ decision must be affirmed. The ALJ properly considered the testimony of the psychiatric consulting examiner, of the Plaintiff and of the lay witness testimony of her father.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.   THE ALJ PROPERLY CONSIDERED THE OPINION OF CONSULTING PSYCHIATRIST EXAMINER DR. ROMUALDO RODRIGUEZ**

Plaintiff contends that the ALJ failed to include in his RFC and in his hypothetical to the VE non-severe "impairments" found by consulting psychiatric examiner Dr. Romualdo Rodriguez. The Court disagrees.

**A.   Relevant Federal Law**

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an

uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other independent evidence in the record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

### B. Analysis

Consulting psychiatric examiner Dr. Romualdo Rodriguez diagnosed Plaintiff with bipolar disorder in remission, under very good control with medication. (AR 14, 255, 256.) He also found Claimant's ADHD could improve further with proper treatment and medication. (AR 14, 256.) Dr. Rodriguez found Plaintiff was able to carry out both simple one or two step job instructions, and also detailed and complex instructions. (AR 15, 256.)

Plaintiff contends that the ALJ did not include in his RFC and in his hypothetical to the VE certain non-severe "impairments" found by Dr. Rodriguez. What Plaintiff cites, however, are limitations found by Dr. Rodriguez. Specifically, Dr. Rodriguez found Plaintiff was "slightly" limited in the ability to maintain concentration and attention persistence and pace, and "minimally" limited in other areas of functioning. (AR 15, 257.) The ALJ properly accounted for the slight limitation in concentration, persistence and pace in his light work RFC with his limitation to simple, repetitive, routine tasks. (AR 13.) See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) (ALJ properly accounted for pace and mental limitations with restriction to simple tasks).

The ALJ, moreover, included this limitation in his hypothetical to the VE. (AR 57.) The ALJ properly limited the hypothetical to limitations supported by the record. Osenbrock v. Apfel, 240 F.3d 1157, 1163 (9th Cir. 2001). The VE found that Plaintiff would be unable to perform her past relevant work (AR 15, 56) but could perform light, unskilled work limited to simple, routine, repetitive tasks and gave examples of jobs available in the national economy Plaintiff

7

could perform.  (AR 16, 56-57.)  Because the hypothetical that the ALJ posed to the VE contained all of the limitations the ALJ found credible and supported by substantial evidence, the ALJ's reliance on the VE testimony was proper.  See Bayliss, 427 F.3d at 1217.

The Court also observes that the opinions of State agency physicians Dr. Amado and Dr. Khan are consistent with the opinion of Dr. Rodriguez.  (AR 15.)  The ALJ gave "great weight" to the opinion of Dr. Rodriguez, and "considerable" or "significant" weight to the opinions of Dr. Amado and Dr. Khan, because the opinions of all three physicians "consider Claimant's subjective complaints" and are "consistent with the objective findings, opinion evidence and the record as a whole."  (AR 15.)

The ALJ properly considered the opinion of Dr. Rodriguez.  The ALJ's RFC properly included all of Plaintiff's limitations that are supported by substantial evidence.  The ALJ's hypothetical to the VE did so as well.

## II.     THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY

Plaintiff contends that the ALJ improperly discounted her credibility.  The Court disagrees.

### A.     Relevant Federal Law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick, 157 F.3d at 722; Smolen v. Chater, 80 F.3d at 1281-82 esp. n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."  Thomas, 278 F.3d at 958; see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the

severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause her alleged symptoms. (AR 14.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are not credible to the extent inconsistent with the ALJ's RFC. (AR 14.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. The ALJ did so.

First, the ALJ found that the medical evidence indicated that Plaintiff's impairments are not as severe as alleged. (AR 14.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's subjective symptom testimony so long as it is not the only reason for discounting the claimant's testimony. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). As already observed, several physicians who examined Plaintiff or reviewed her records found only mild or slight or minimal limitations and that any symptoms were substantially mitigated when she was compliant with her medications and prescribed treatment regimen. (AR 12-15.) Treatment notes indicate that Claimant repeatedly denied suicidal, homicidal, audio, and visual hallucinations and that Claimant was doing well and was stable. (AR 14.) There is no medical evidence supporting limitations greater than those contained in the ALJ's RFC.

The ALJ indicates that treatment has been routine and conservative in nature, consisting primarily of continuing medication refills that have been effective in controlling Claimant's symptoms. (AR 14.) Dr. Amado found that Plaintiff's condition was responsive to treatment efforts "with substantial mitigating compact on severity." (AR 15.) Impairments controlled effectively with conservative medical treatment are not disabling. Tommasetti v. Astrue, 533

F.3d 1035, 1040 (9th Cir. 2008); Warre v. Comm'r of Soc. Sec. Adm., 439 F.3d 1001, 1006 (9th Cir. 2006). Conservative treatment is a valid factor in assessing credibility. Tommasetti, 533 F.3d at 1039-40.

The ALJ gave additional reasons for discounting Plaintiff's credibility. Plaintiff on occasion has been non-compliant with her medications. (AR 14.) A claimant's failure to follow a prescribed course of treatment can be a valid reason for discounting credibility. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff was a poor historian and gave conflicting information throughout an assessment. (AR 14, 279.) An ALJ may consider inconsistencies in testimony or between testimony and conduct in evaluating credibility. Orn, 495 F.3d at 636. Also, Plaintiff's alleged limitations were inconsistent with her daily activities which were only mildly limited. (AR 12, 15.) Inconsistent daily activities are a legitimate factor in assessing credibility. Bunnell, 947 F.2d at 345-346.

Although Plaintiff disputes these findings, it is the ALJ's responsibility to resolve ambiguities in the record. Andrews, 53 F.3d at 1039. Where as here the ALJ's interpretation of the medical evidence is reasonable, it should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's credibility for clear and convincing reasons supported by substantial evidence.

**III.    THE ALJ PROPERLY CONSIDERED THE LAY WITNESS TESTIMONY**

Plaintiff asserts that the ALJ failed to consider the lay witness testimony of Plaintiff's father, Rich Archuleta. (AR 46-49.) Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives germane reasons to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Plaintiff is correct that the ALJ did not mention Mr. Archuleta's testimony, but the failure to do so was harmless error. Mr. Archuleta gave essentially the same testimony as Claimant. The Ninth Circuit recently held that, where an ALJ gives valid reasons for rejecting a claimant's testimony and those reasons apply equally well to lay witness testimony, failing to discuss the

lay witness testimony is harmless error. Molina v. Astrue, 674 F.3d 1104, 1114-17 (9th Cir. 2012). So it is here.

\* \* \*

The ALJ properly considered the testimony of Dr. Rodriguez and properly discounted the testimony of Claimant and her father. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: March 27, 2013

／s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE